# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY,<br>   One Liberty Plaza, 165 Broadway<br>   53rd Floor<br>   New York, New York 10006<br><br>                    Plaintiff,<br><br>v.<br><br>BURK & REEDY, LLP,<br>   1818 N Street, NW, Suite 400<br>   Washington, D.C., 20036<br><br>and<br><br>CITIBANK, N.A.,<br>   701 E. 60th Street, North<br>   Sioux Falls, South Dakota 57104<br><br>                    Defendants. | CASE NO. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Plaintiff, American Guarantee and Liability Insurance Company ("American Guarantee"), by way of Complaint against Defendant, Burk & Reedy, LLP, says as follows:

## THE PARTIES

1. American Guarantee is a New York Corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 53rd Floor, New York, New York 10006, and a main administrative office or principal place of business located at 1400 American Lane, Schaumberg, Illinois 60196. It is authorized to transact business and has transacted business in the District of Columbia.

2. Defendant Burk & Reedy, LLP ("Burk & Reedy") is a law firm in the District of Columbia with offices at 1818 N Street, NW, Suite 400, Washington, D.C., 20036.

3. Defendant Citibank, N.A. ("Citibank") is a federally-chartered national bank with its principal place of business in South Dakota.

## JURISDICTION AND VENUE

4. The amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), not including interest and costs.

5. This Court has subject matter jurisdiction over this action based on the diversity of the parties pursuant to 28 U.S.C. § 1332.

6. This court has personal jurisdiction over Burk & Reedy because Burk & Reedy is organized under the laws of the District of Columbia and maintains its principal place of business in the District of Columbia.

7. This court has personal jurisdiction over Citibank because Citibank conducts business in the District of Columbia.

8. Venue in this Court is appropriate pursuant to 28 U.S.C. §§ 1391 (a), (b), and (c).

## NATURE OF THE ACTION

9. Plaintiff American Guarantee, by and through its counsel, Carr Maloney, P.C., hereby seeks a declaration that American Guarantee has no duty to defend or indemnify Burk & Reedy with respect to the lawsuit against Burk & Reedy in the action, <u>Citibank, N.A. v. Burk & Reedy LLP</u>, Civil Action No. 13-00166 (United States District Court for the District of Columbia), or with respect to any other claim arising out of Burk & Reedy's deposit and transfer of fraudulent funds to/from Citibank or arising from the check-fraud scheme perpetrated on Burk & Reedy.

10. Citibank is named as a defendant in this action solely as an interested party that should be bound by the outcome of any declaratory judgment entered.

## THE AMERICAN GUARANTEE POLICY

11. American Guarantee issued a Lawyers Professional Liability Insurance Policy to Burk & Reedy, bearing policy number LPL 4907134-09, for the policy period of December 21, 2011 to December 21, 2012 (the "American Guarantee Policy").

12. The Insuring Agreement in the American Guarantee Policy reads as follows:

**I. INSURING AGREEMENT**

    **A. COVERAGE**

    The **Company** will pay on behalf of an **Insured**, subject to the limit of liability, all amounts in excess of the deductible shown in the Declarations that an **Insured** becomes legally obligated to pay as **Damages** and **Claim Expenses** because of a **Claim** that is made during the **Policy Period** and reported to the **Company** during the **Policy Period**, any subsequent renewal of the Policy or any extended reporting period based on an act or omission in the **Insured's** rendering or failing to render **Legal Services** for others.

    . . .

    **B. DEFENSE AND INVESTIGATION**

    The **Company** shall have the right and duty to defend any **Claim** based on an act or omission in the **Insured's** rendering or failing to render **Legal Services** for others, seeking **Damages** that are covered by this policy and/or any **Claim** alleging **Personal Injury** made against an **Insured** even if any of the allegations of the **Claim** are groundless, false or fraudulent.

    . . .

13. The American Guarantee Policy defines the term "Legal Services" as follows:

    **H. LEGAL SERVICES** means those services performed by an **Insured** as a licensed lawyer in good standing, arbitrator, mediator, title agent, notary public, administrator, conservator, receiver, executor, guardian, trustee or in any other fiduciary capacity but only where the act or omission was in the rendition of services ordinarily performed as a lawyer. **Legal Services**

3

shall not be extended to include services rendered as a real estate agent or broker or as an insurance agent or broker.

14. The American Guarantee Policy defines the term "Damages" as follows:

**E. DAMAGES** means the monetary portion of any judgment, award or settlement, provided such settlement is negotiated with the assistance and approval of the **Company**. **Damages** do not include:

1. compensation for bodily injury to, sickness, disease, death of any person, emotional distress or other emotional judgments or awards;

2. compensation for injury to or destruction of tangible property or loss of use or value thereof;

3. personal profit or advantage to which the **Insured** was not legally entitled;

4. criminal or civil fines, penalties (statutory or otherwise), fees or sanctions;

5. punitive, exemplary or multiple damages;

6. matters deemed uninsurable;

7. legal fees, costs and expenses paid to or incurred or charged by the **Insured**, no matter whether claimed as restitution of specific funds, forfeiture, financial loss, setoff or otherwise, and injuries that are a consequence of any of the foregoing; or

8. any form of equitable or non-monetary relief.

15. The "Contractual Liability Exclusion" to the American Guarantee Policy states:

This policy shall not apply to any Claim based upon or arising out of, in whole or in part:

**G.** any liability assumed by an **Insured** under any oral or written contract or agreement, unless such liability would have attached to the **Insured** by law in the absence of such contract or agreement;

**THE CHECK-FRAUD SCHEME**

16. Burk & Reedy fell victim to a check-fraud scheme perpetrated via a series of emails that falsely purported to retain Burk & Reedy's services on behalf of a foreign company, Meridian Medical UK ("Meridian"), to pursue the collection of a fictional debt owed to Meridian by company named Emerald Medical Services ("Emerald").

4

17. In or around July 2012, Burk & Reedy received an email ostensibly from Meridian soliciting Burk & Reedy's services to help collect a fictional debt that Emerald owed to Meridian.

18. Burk and Reedy responded to the solicitation email and agreed to pursue the debt.

19. In a subsequent email, Meridian informed Burk & Reedy that Emerald would be willing to pay a portion of the amount owed.

20. On August 22, 2012, Burk & Reedy received in the mail a $389,650 check from Emerald made payable to Burk & Reedy only. The check was drawn on First Third Bank and the alleged payor was Emerald.

21. In an email sent shortly thereafter, Meridian asked Burk & Reedy to deposit the $389,650 check and to wire $298,650 to a bank account in Japan.

22. Burk & Reedy deposited the $389,650 check in a Citibank IOLTA account.

23. Burk & Reedy wired the funds to the Japanese bank account pursuant to Meridian's request.

24. Subsequently, Citibank informed Burk & Reedy that the check was counterfeit and demanded that Burk & Reedy return the wired funds.

25. On October 3, 2012, Citibank made a formal demand to Burk & Reedy for reimbursement of $303,423.97.

26. Upon information and belief, Burk & Reedy's communications with Meridian and/or Emerald were exchanged entirely via email; Burk & Reedy never had any telephonic or in-person communication with anyone from Meridian and/or Emerald.

**BURK & REEDY'S CLAIM FOR COVERAGE**

27. Burk & Reedy has sought coverage from American Guarantee under the American Guarantee Policy for the losses arising out of the check-fraud scheme.

28. On February 6, 2013, Citibank filed suit against Burk & Reedy in the matter entitled Citibank, N.A. v. Burk & Reedy LLP, Civil Action No. 13-00166, United States District Court for the District of Columbia (the "Underlying Action").

29. According to the complaint in the Underlying Action, Citibank seeks reimbursement of the overdraft that resulted when Burk & Reedy deposited the $389,650 counterfeit check and requested the wire and transfer of those counterfeit funds.

30. Citibank's complaint asserts causes of action for breach of contract and a violation of the Uniform Commercial Code.

31. Citibank alleges that Burk & Reedy executed several "account opening documents," including but not limited to a General Deposit Resolution agreement, when it opened an IOLTA account at Citibank.

32. Citibank alleges that Burk & Reedy deposited a $389,650 counterfeit check into the Citibank IOLTA account on August 22, 2012.

33. Citibank alleges that the face of the check indicated that it was drawn on Fifth Third Bank.

34. Citibank alleges that immediately after depositing the check, Burk & Reedy issued unconditional instructions directing Citibank to complete a wire transfer ("Wire") from the IOLTA account to a bank account in Japan. Citibank alleges that the amount of the Wire was $298,650.

35. Citibank further alleges that Burk & Reedy transferred an additional $5,000 from the IOLTA account into a separate operating account maintained by Burk Law Firm, P.C., an affiliate of Burk & Reedy.

36. Citibank alleges that Burk & Reedy completed the Wire and transfer for Burk & Reedy's own benefit.

37. Citibank alleges that Fifth Third Bank returned the $389,650 check to Citibank unpaid after the check was discovered to be fraudulent.

38. Citibank alleges that an overdraft of $303,423.97 was created in the IOLTA account as a result of the Burk & Reedy's Wire and transfer.

39. Citibank alleges that it is entitled to repayment from Burk & Reedy of the overdraft because Burk & Reedy breached its contractual obligations to Citibank.

40. Citibank alleges that Burk & Reedy's contractual obligations to Citibank were undertaken when Burk & Reedy executed the General Deposit Resolution agreement and the other "account opening documents."

41. Citibank alleges that Burk & Reedy breached the foregoing contractual obligations by depositing the counterfeit check into the IOLTA account and then issuing instructions to Citibank to send the Wire to an overseas account.

42. On March 20, 2013, American Guarantee sent a reservation of rights letter to Burk & Reedy in which American Guarantee agreed to defend Burk & Reedy in connection with Citibank's claim subject to a reservation of rights to deny coverage for this claim.

43. Subject to its reservation of rights, American Guarantee retained Ann Wilson, Esq. of Dickie McCamey & Chilcote, P.C. to represent Burk & Reedy in connection with Citibank's claim.

44. The Insuring Agreement in the American Guarantee Policy provides that it is a condition precedent to coverage under the Policy that a claim must be based on an act or omission in Burk & Reedy's rendering or failing to render "Legal Services" for others.

45. Burk & Reedy did not render or fail to render any "Legal Services" in connection with the check-fraud scheme.

46. The Insuring Agreement in the American Guarantee Policy further provides that it is a condition precedent to coverage under the Policy that a claim involves "Damages" that Burk & Reedy is legally obligated to pay.

47. The relief sought from Burk & Reedy by Citibank is restitution, which does not constitute "Damages" as defined by the American Guarantee Policy.

48. The American Guarantee Policy also contains a "Contractual Liability Exclusion" which states that the American Guarantee Policy shall not apply to any liability assumed by Burk & Reedy under any contract or agreement.

49. Citibank's demand for restitution from Burk & Reedy arises out of Burk & Reedy's breach of the General Deposit Resolution agreement and the other "account opening documents" executed by Burk & Reedy in connection with the opening of the Citibank IOLTA account.

**FIRST CAUSE OF ACTION**
(Declaratory Relief Against Burk & Reedy)

50. American Guarantee repeats and incorporates by reference the prior allegations set forth as if set forth at length herein.

51. In accordance with 28 U.S.C. §§ 2201 and 2202, there is a present and actual dispute and controversy between American Guarantee and Burk & Reedy regarding whether, and to what extent, the American Guarantee Policy obligates American Guarantee to defend and/or

indemnify Burk & Reedy in connection with the Underlying Action, or in connection with any other lawsuit or demand for money arising from Burk & Reedy's deposit and transfer of fraudulent funds to/from Citibank or arising from the check-fraud scheme perpetrated on Burk & Reedy.

52. American Guarantee is entitled to a declaration that American Guarantee has no duty to defend or indemnify Burk & Reedy in connection with the Underlying Action, or in connection with any other lawsuit or demand for money arising from Burk & Reedy's deposit and transfer of fraudulent funds to/from Citibank or arising from the check-fraud scheme perpetrated on Burk & Reedy.

53. American Guarantee is entitled to a declaration that it has no duty to indemnify, settle or satisfy any amounts or judgments that Burk & Reedy becomes obligated to pay as a result of the Underlying Action, or as a result of any other action arising from Burk & Reedy's deposit and transfer of fraudulent funds to/from Citibank or arising from the check-fraud scheme perpetrated on Burk & Reedy.

54. Based on the factual allegations set forth above, American Guarantee submits that coverage may be barred for the following reasons:

- the claim does not fall within the Insuring Agreement of the American Guarantee Policy because it is not based on an act or omission in Burk & Reedy's rendering or failing to render "Legal Services;"

- the claim does not fall within the Insuring Agreement of the American Guarantee Policy because it does not seek "Damages;" and

- the Contractual Liability Exclusion.

WHEREFORE, plaintiff American Guarantee prays for the following relief:

a. That the Court adjudicate the rights and liabilities of the parties with respect to the American Guarantee Policy bearing policy number LPL 4907134-09.

b. That the Court declare that American Guarantee has no duty to defend or indemnify Burk & Reedy in connection with the Underlying Action, or in connection with any other claim arising from Burk & Reedy's deposit and transfer of fraudulent funds to/from Citibank or arising from the check-fraud scheme perpetrated on Burk & Reedy;

c. That American Guarantee be awarded attorney's fees and costs incurred in the prosecution of this Declaratory Judgment action; and

d. And for such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

American Guarantee and Liability Insurance Company
By Counsel,

CARR MALONEY P.C.

*/s/ William J. Carter*
William J. Carter, Bar #329637
Kelly M. Lippincott, Bar #484610
2000 L Street, N.W.
Suite 450
Washington, D.C. 20036
Dated: April 22, 2013    (202) 310-5500 – Phone
(202) 310-5555 – Fax
Email: wjc@carrmaloney.com
klm@carrmaloney.com